# STATE OF MICHIGAN

## IN THE EASTERN DISTRICT OF THE FEDERAL COURT

WILLIAM FEAR,
a Michigan Resident,

       Plaintiff,

v.                                    Case #
                                    Hon.

TAURUS INTERNATIONAL MANUFACTURING, INC.
a Foreign Corporation;
TAURUS HOLDINGS, INC.,
a Foreign Corporation;
TAURUS USA, a Foreign Company;
TAURUS USA, L.L.C., a Foreign Limited Liability Company;
TAURUS USA CORP., a Foreign Company;
FORJAS TAURUS SA (FJTA4.SA),
a Foreign Corporation;
COMPHAIA BRASILEVIA de CARTUCHOS,
a Foreign Corporation;
CUSTOM RELOADS OF DALLAS, INC.
a Texas Corporation; and
REMINGTON ARMS CO., L.L.C.

       Defendants.
_____/
FRED A. CUSTER (P28975)
**MATERNA, CUSTER & ASSOCIATES**
Attorneys for Plaintiffs
2104 E. 11 Mile Rd. # 500
Warren, MI. 48091
T (248) 543-8300
F (248) 543-3180
fred@mclawyers.net
_____/

1

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

There is no other or pending or resolved
civil action arising out of the same
transaction or occurrence as alleged in the
Complaint.

### <u>COMMON ALLEGATIONS</u>

NOW COMES Plaintiff WILLIAM FEAR, by and through his

attorneys, MATERNA, CUSTER & ASSOCIATES, and for his Complaint against

the Defendants herein, states as follows:

1.     At the time of the filing of this Complaint, Plaintiff WILLIAM

FEAR is a resident of the Township of Brighton, County of Livingston, State of

Michigan.

2.     At all times pertinent hereto, Defendant TAURUS

INTERNATIONAL MANUFACTURING, INC. (hereinafter referred to as

"TAURUS INTERNATIONAL") was a Florida Corporation, bearing Corporate

I.D. No. 59-2159483 and did business in the City of Howell, County of Livingston,

State of Michigan. The Corporate Headquarters/Principal Place of business is

located at 16175 NW 49th Ave., in the City of Miami, State of Florida.  The

Resident Agent for the Corporation is Angelo & Banta, P.A., whose address is 515

E. Las Olas Blvd., Suite 850, Ft. Lauderdale, FL. 33301.

3.     At all times pertinent hereto, Defendant TAURUS HOLDING,

INC.  (hereinafter referred to as "TAURUS HOLDINGS") was a  Corporation,
bearing Corporate I.D. No. 65-0056471 and did business in the City of Howell,
County of Livingston,  State of Michigan. The Corporate Headquarters/Principal
Place of business is located 16175 NW 49th Ave., in the City of Miami, State of
Florida.  The Resident Agent for the Corporation is Angelo & Banta, P.A., whose
address is 515 E. Las Olas Blvd., Suite 850, Ft. Lauderdale, FL. 33301.

      4.    At all times pertinent hereto, Defendant TAURUS USA was a
Florida Corporation, and did business in the City of Howell, County of Livingston,
State of Michigan. The Corporate Headquarters/Principal Place of business is
located at 16175 NW 49th Ave., in the City of Miami, State of Florida.

      5.    At all times pertinent hereto, Defendant TAURUS USA L.L.C.
was a Florida Corporation, bearing Corporate I.D. No.  46-5265110 and did
business in the City of Howell, County of Livingston, State of Michigan. The
Corporate Headquarters/Principal Place of business is located at 17888 67th Court
North, in the City of Loxahatchee, State of Florida.  The Resident Agent for the
Corporation is INCORP SERVICES, INC., whose address is 17888 67th Court
North, Loxahatchee, FL. 33470.

      6.    At all times pertinent hereto, Defendant TAURUS USA CORP
was a Florida Corporation, bearing Corporate I.D. No.  06-1782278 and did

business in the City of Howell, County of Livingston, State of Michigan. The

Corporate Headquarters/Principal Place of business is located at 4808 Rock Fish

Court, in the City of Tampa, State of Florida.  The Resident Agent for the

Corporation is Jeffrey A. Dowd, P.A., whose address is 609 W. Lumdsen Rd.

Brandon, FL. 33511.

       7.    At all times pertinent hereto, Defendant FORJAS TAURUS SA

(FJTA4.SA)   (hereinafter referred to as "FORJAS TAURUS") was a Foreign

Corporation, and did business in the City of Howell, County of Livingston, State of

Michigan. The Corporate Headquarters/Principal Place of business is located at

Avenida do Forte 511, in the City of Porto Alegre, Country of Brazil.

       8.    At all times pertinent hereto, Defendant COMPAHIA

BRASILEVIA de CARTUCHOS (hereinafter referred to as "CBC") was a foreign

Corporation, and did business in the City of Howell, County of Livingston, State of

Michigan.

       9.    At all times pertinent hereto, Defendant CUSTOM RELOADS

OF DALLAS, INC. (hereinafter referred to as "RELOADS OF DALLAS") was a

Texas Corporation, bearing Corporate I.D. No.  0800831416 and did business in

the City of Howell, County of Livingston, State of Michigan. The Corporate

Headquarters/Principal Place of business is located at 2369 Salisbury Ct., in the

City of Lewisville, State of Texas 75056. The Resident Agent for the Corporation

is Chad Edward Haworth, whose address is 2369 Salisbury Ct., Lewisville, TX.

75056.

10.     At all times pertinent hereto, Defendant REMINGTON ARMS CO.,

L.L.C. (hereinafter referred to as "REMINGTON") was a North Carolina

Corporation, bearing Sosld I.D. No. 1213421 and did business in the City of

Howell, County of Livingston, State of Michigan. The Corporate

Headquarters/Principal Place of business is located at 870 Remington Dr. Madison,

NC. 27025. The Resident Agent for the Corporation is CT Corporation System

260 Fayetteville St. (Box1011) Raleigh, NC. 27601.

11.     Defendants TAURUS INTERNATIONAL

MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA,

TAURUS USA, L.L.C., TAURUS USA CORP. FORJAS TAURUS SA

(FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS, designed,

manufactured, distributed, sold, advertised, and put into the stream of commerce a

revolver known as Model Taurus Tracker Revolver .41 Magnum, serial number

DM100013.

12.     Defendant CBC purchased, acquired, merged with, and bought

the assets and liabilities of Defendants TAURUS INTERNATIONAL

MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA,

TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA

(FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS.  Defendant CBC

became the legal successor in interest to these entities, and became liable for the

actions and legal claims of these entities.  Defendant CBC is liable for claims

which would otherwise have been the legal responsibility of these named

Defendants.

      13.    Defendant RELOADS OF DALLAS and REMINGTON

designed, manufactured, distributed, sold, advertised, and put into the stream of

commerce ammunition known as Remington .41 Magnum ammunition.  The

ammunition was brand new.

      14.    Plaintiff WILLIAM FEAR purchased the subject revolver from

Cabelas in Michigan.

      15.    Plaintiff WILLIAM FEAR purchased the subject ammunition

from Ammotogo.com.

      16.    On or about the 22nd day of September, 2013, Plaintiff

WILLIAM FEAR sustained serious and permanent injuries when he was using his

Taurus Revolver, loaded with brand new ammunition from Defendant RELOADS

OF DALLAS and REMINGTON, when the Revolver blew up in his hands, while using the subject products as described herein.

17.    Plaintiff WILLIAM FEAR was free from any act or omission of negligence contributing in whole or in part to this incident and the subsequent injuries sustained.

18.    The amount in controversy herein exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of costs, interest and attorney fees.

## COUNT I
## NEGLIGENCE OF DEFENDANTS TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS

19.    Plaintiff WILLIAM FEAR hereby restate, reallege, and incorporate each and every allegation contained in the COMMON ALLEGATIONS as though set forth fully and completely herein.

20.    Defendants TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS (CBC) designed, manufactured, tested, assembled, distributed, marketed and sold a certain Revolver

7

bearing Model Taurus Tracker Revolver .41 Magnum, serial number DM100013.

21.     Defendants TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS owed a duty of care to the general public, and Plaintiff in particular, to design, manufacture, test, assemble, distribute, market and sell products, and in particular the subject , which were reasonably safe for use by the general public, and Plaintiff in particular, for the purposes for which it was intended.

22.     Defendants TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS carelessly and negligently breached and violated the aforementioned duties by failing to adhere to the accepted standards of safety, law and regulations, guidelines, good engineering practices and/or the appropriate state of the art in the following particulars, including but not limited to:

>    a)     failing to design, manufacture and distribute a product which was  in compliance with the prevailing industry standards;

b)     failing to design, manufacture and distribute the product so that it complied with good engineering and design practices;

c)     failing to design, manufacture or otherwise equip the subject product with adequate features that would prevent it from blowing up;

d)     failing to design, manufacture, assemble and distribute the subject product with adequate and necessary safety devices;

e)     failing to adequately instruct and/or warn users such as the Plaintiff as to the hazards, risks and dangers attendant and inherent in the operation of the subject product;

f)     failing to design, manufacture, assemble and distribute the subject product in a form fit for its intended  purpose;

g)     failing to provide reasonable safety guards for the foreseeable uses and misuses of the product;

h)     failing to warn users of the inherent dangers which Defendants knew, or in the exercise of reasonable care should have known, existed regarding the design of this product;

i)     negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

j)     failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

k)     failing to provide necessary and adequate operational instructions to the users and purchasers of the subject

9

product;

    l)    other acts of negligence yet to be determined.

23.    As a direct and proximate result of the negligence of Defendants, Plaintiff WILLIAM FEAR has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to:

    a) Severe injuries to both of his hands;

    b) multiple contusions, abrasions, trauma;

    c) disability and confinement which accompanied the injuries sustained;

    d) severe and permanent injuries to his hands and body;

    e) severe shock and injury to the nervous system;

    f) extreme pain and discomfort;

    g) mental anguish, fright and shock, disability, disfigurement, denial of social pleasures and enjoyments, embarrassment and humiliation;

    h) other injuries and damages to be determined through discovery

24.    Prior to the time of this accident, Plaintiff WILLIAM FEAR was a reasonably healthy individual, but as a direct and proximate result of the negligence of Defendants, Plaintiff has become sore and sick and lame and

disabled.

25.     As a direct and proximate result of the negligence of

Defendants, Plaintiff WILLIAM FEAR has incurred and will continue to incur in

the future, expenses for medical care and treatment, including but not limited to

hospitalization, medication, and transportation costs.

26.     As a direct and proximate result of the negligence of

Defendants, Plaintiff was forced to lose time from employment and has sustained a

loss of earning capacity with resultant loss of wages; Plaintiff will in the future

suffer additional loss of earning capacity and loss of wages.

WHEREFORE, Plaintiff prays this Honorable Court enter its Judgment

against Defendant for whatever amount in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00) to which Plaintiff may be found to be

entitled by the trier of fact, together with costs, interest and attorney fees so

wrongfully incurred.


## COUNT II
## BREACH OF WARRANTY OF DEFENDANTS TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS (CBC)

27.    Plaintiff WILLIAM FEAR hereby restate, reallege, and incorporate each and every allegation contained in the COMMON ALLEGATIONS and COUNT I above, as though set forth fully and completely herein.

28.    At all times pertinent hereto, Defendants TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS (CBC) warranted both expressly and impliedly, that the product in question was reasonably fit and safe for the uses intended and was free from defects.

29.    Plaintiffs relied on both the express and implied warranties of Defendants TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS HOLDINGS, INC., TAURUS USA, TAURUS USA, L.L.C., TAURUS USA CORP., FORJAS TAURUS SA (FJTA4.SA) and COMPHAIA BRASILEVIA de CARTUCHOS (CBC).

30.    That despite the said warranties, Defendants did breach the same by, but not limited to, the following acts:

    a)    failing to design, manufacture and distribute a product which was  in compliance with the prevailing industry standards;

b)      failing to design, manufacture and distribute the product so that it complied with good engineering and design practices;

c)      failing to design, manufacture or otherwise equip the subject product with adequate features that would prevent it from blowing up;

d)      failing to design, manufacture, assemble and distribute the subject product with adequate and necessary safety devices;

e)      failing to adequately instruct and/or warn users such as the Plaintiff as to the hazards, risks and dangers attendant and inherent in the operation of the subject product;

f)      failing to design, manufacture, assemble and distribute the subject product in a form fit for its intended  purpose;

g)      failing to provide reasonable safety guards for the foreseeable uses and misuses of the product;

h)      failing to warn users of the inherent dangers which Defendants knew, or in the exercise of reasonable care should have known, existed regarding the design of this product;

i)      negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

j)      failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

k)      failing to provide necessary and adequate operational instructions to the users and purchasers of the subject product;

13

l)      other acts of negligence yet to be determined.

31.     As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to:

a) Severe injuries to both of his hands;

b) multiple contusions, abrasions, trauma;

c) disability and confinement which accompanied the injuries sustained;

d) severe and permanent injuries to his hands and body ;

e) severe shock and injury to the nervous system;

f) extreme pain and discomfort;

g) mental anguish, fright and shock, disability, disfigurement, denial of social pleasures and enjoyments, embarrassment and humiliation;

h) other injuries and damages to be determined through discovery

32.     Prior to the time of this accident, Plaintiff WILLIAM FEAR was a reasonably healthy individual, but as a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff has become sore and

14

sick and lame.

33.    As a direct and proximate result of the negligence and breaches or warranty of Defendants, Plaintiff has incurred and will continue to incur in the future, expenses for medical care and treatment, including but not limited to hospitalization, medication, and transportation costs.

34.    As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff was forced to lose time from employment and has sustained a loss of earning capacity with resultant loss of wages; Plaintiff may in the future suffer additional loss of earning capacity and loss of wages.

WHEREFORE, Plaintiff prays this Honorable Court enter its Judgment against Defendants for whatever amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to which Plaintiff may be found to be entitled by the trier of fact, together with costs, interest and attorney fees so wrongfully incurred.

**COUNT III**
**NEGLIGENCE OF DEFENDANTS RELOADS OF DALLAS AND**
**REMINGTON ARMS CO.**

35.    Plaintiffs hereby restate, reallege, and incorporate each and every allegation contained in the COMMON ALLEGATIONS and COUNT I & COUNT II as though set forth fully and completely herein.

15

36.     Defendants RELOADS OF DALLAS and REMINGTON ARMS CO. designed, manufactured, tested, assembled, distributed, marketed and sold certain .41 Remington Magnum ammunition, which Plaintiff had purchased brand new.

37.     Defendant RELOADS OF DALLAS and REMINGTON ARMS CO. owed a duty of care to the general public, and Plaintiff in particular, to design, manufacture, test, assemble, distribute, market and sell products, and in particular the subject ammunition, which were reasonably safe for use by the general public, and Plaintiff in particular, for the purposes for which it was intended.

38.     Defendants carelessly and negligently breached and violated the aforementioned duties by failing to adhere to the accepted standards of safety, law and regulations, guidelines, good engineering practices and/or the appropriate state of the art in the following particulars, including but not limited to:

> (1)    failing to design, manufacture and distribute a product which was  in compliance with the prevailing industry standards;
>
> (2)    failing to design,  manufacture and distribute the product so that it complied with good engineering and design practices;
>
> (3)    failing to design, manufacture or otherwise equip the subject product with a configuration which would not

16

blow up in Plaintiff's hands when used with the subject revolver;

(4)     failing to design, manufacture, assemble and distribute the subject product with adequate and necessary safety devices;

(5)     failing to adequately instruct and/or warn users such as the Plaintiff as to the hazards, risks and dangers attendant and inherent in the operation of the subject product;

(6)     failing to design, manufacture, assemble and distribute the subject product in a form fit for its intended  purpose;

(7)     failing to provide reasonable safety guards for the foreseeable uses and misuses of the product;

(8)     failing to warn users of the inherent dangers which Defendants knew, or in the exercise of reasonable care should have known, existed regarding the design of this product;

(9)     negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

(10)    failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

(11)    failing to provide necessary and adequate operational instructions to the users and purchasers of the subject product;

(12)    other acts of negligence yet to be determined.

39.   As a direct and proximate result of the negligence of

Defendants,  Plaintiff  WILLIAM FEAR has suffered, continues to suffer, and will

suffer in the future from severe injuries, some of which are permanent in nature,

including but not limited to:

      a)  Severe injuries to both of his hands;

      b)  multiple contusions, abrasions, trauma;

      c)  disability and confinement which accompanied the injuries sustained;

      d)  severe and permanent injuries to his hands and body;

      e)  severe shock and injury to the nervous system;

      f)  extreme pain and discomfort;

      g)  mental anguish, fright and shock, disability, disfigurement, denial of social pleasures and enjoyments, embarrassment and humiliation;

      h)  other injuries and damages to be determined through discovery

    40.    Prior to the time of this accident, Plaintiff was a reasonably

healthy individual, but as a direct and proximate result of the negligence of

Defendants, Plaintiff has become sore and sick and lame and disabled.

    41.    As a direct and proximate result of the negligence of

Defendants, Plaintiff has incurred and will continue to incur in the future, expenses

for medical care and treatment, including but not limited to hospitalization,

medication, and transportation costs.

42.    As a direct and proximate result of the negligence of

Defendants, Plaintiff was forced to lose time from employment and has sustained a

loss of earning capacity with resultant loss of wages; Plaintiff will in the future

suffer additional loss of earning capacity and loss of wages.

WHEREFORE, Plaintiff prays this Honorable Court enter its Judgment

against Defendant for whatever amount in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00) to which Plaintiff may be found to be

entitled by the trier of fact, together with costs, interest and attorney fees so

wrongfully incurred.

## COUNT IV
## BREACH OF WARRANTY OF DEFENDANTS RELOADS OF DALLAS AND REMINGTON ARMS CO.

43.    Plaintiff hereby restate and reallege each and every allegation

contained in the COMMON ALLEGATIONS and COUNTS I through COUNTS

III above, as though set forth fully and completely herein.

44.    At all times pertinent hereto, Defendants warranted, both

expressly and impliedly, that the product in question was reasonably fit and safe

for the uses intended and was free from defects.

45.     Plaintiff relied on both the express and implied warranties of

Defendants.

46.     That despite the said warranties, Defendants did breach the

same by, but not limited to, the following acts:

1.  failing to design, manufacture and distribute a product
    which was  in compliance with the prevailing industry
    standards;

2.  failing to design,  manufacture and distribute the product
    so that it complied with good engineering and design
    practices;

3.  failing to design, manufacture or otherwise equip the
    subject product with a configuration which would not
    blow up in Plaintiff's hands when used with the subject
    revolver;

4.  failing to design, manufacture, assemble and distribute
    the subject product with adequate and necessary safety
    devices;

5.  failing to adequately instruct and/or warn users such as
    the Plaintiff as to the hazards, risks and dangers attendant
    and inherent in the operation of the subject product;

6.  failing to design, manufacture, assemble and distribute
    the subject product in a form fit for its intended  purpose;

7.  failing to provide reasonable safety guards for the
    foreseeable uses and misuses of the product;

8.  failing to warn users of the inherent dangers which
    Defendants knew, or in the exercise of reasonable care
    should have known, existed regarding the design of this

product;

9. negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

10. failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

11. failing to provide necessary and adequate operational instructions to the users and purchasers of the subject product;

12. other acts of negligence yet to be determined.

47. As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to:

a) Severe injuries to both of his hands;

b) multiple contusions, abrasions, trauma;

c) disability and confinement which accompanied the injuries sustained;

d) severe and permanent injuries to ;

e) severe shock and injury to the nervous system;

f) extreme pain and discomfort;

g) mental anguish, fright and shock, disability, disfigurement, denial of social pleasures and enjoyments, embarrassment and humiliation;

h) other injuries and damages to be determined through discovery;

48.     Prior to the time of this accident, Plaintiff was a reasonably healthy individual, but as a direct and proximate result of the negligence and breaches or warranty of Defendants, Plaintiff has become sore and sick and lame.

49.     As a direct and proximate result of the negligence and breaches or warranty of Defendants, Plaintiffs has incurred and will continue to incur in the future, expenses for medical care and treatment, including but not limited to hospitalization, medication, and transportation costs.

50.     As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff was forced to lose time from employment and has sustained a loss of earning capacity with resultant loss of wages; Plaintiff may in the future suffer additional loss of earning capacity and loss of wages.

WHEREFORE, Plaintiff prays this Honorable Court enter its Judgment against Defendant for whatever amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to which Plaintiff may be found to be entitled by the trier of fact, together with costs, interest and attorney fees so

wrongfully incurred.

Dated: 2/18/16

                                        **MATERNA, CUSTER & ASSOCIATES**

                                        BY: _____
                                        FRED A. CUSTER (P28975)
                                        Attorneys for Plaintiffs
                                        2104 E. 11 Mile Rd. # 500
                                        Warren, MI. 48091
                                        T (248) 543-8300
                                        F (248) 543-3180
                                        fred@mclawyers.net

# STATE OF MICHIGAN

# IN THE EASTERN DISTRICT OF THE FEDERAL COURT

WILLIAM FEAR,
a Michigan Resident,

      Plaintiff,

v.                                        Case #
                                        Hon.


TAURUS INTERNATIONAL MANUFACTURING, INC.
a Foreign Corporation;
TAURUS HOLDINGS, INC.,
a Foreign Corporation;
TAURUS USA, a Foreign Company;
TAURUS USA, L.L.C., a Foreign Limited Liability Company;
TAURUS USA CORP., a Foreign Company;
FORJAS TAURUS SA (FJTA4.SA);
a Foreign Corporation;
COMPHAIA BRASILEVIA de CARTUCHOS,
a Foreign Corporation;  and
CUSTOM RELOADS OF DALLAS, INC.
a Texas Corporation; and
REMINGTON ARMS CO., L.L.C.

      Defendants.
_____/
FRED A. CUSTER (P28975)
**MATERNA, CUSTER & ASSOCIATES**
Attorneys for Plaintiffs
2104 E. 11 Mile Rd. # 500
Warren, MI. 48091
T (248) 543-8300
F (248) 543-3180
fred@mclawyers.net
_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff WILLIAM FEAR, by and through his

attorneys, MATERNA, CUSTER & ASSOCIATES, and hereby demand a Trial by

Jury in the above-entitled action.

MATERNA, CUSTER & ASSOCIATES

BY: _____
FRED A. CUSTER  (P28975)
Attorneys for Plaintiffs
2104 E. 11 Mile Rd. # 500
Warren, MI. 48091
T  (248) 543-8300
F (248) 543-3180
fred@mclawyers.net